*E-filed 11/1/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,<br><br>         Plaintiff,<br><br>   v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>         Defendant._____/ | Case No. C04-01593 JW (HRL)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

On October 11, 2005, this court heard plaintiffs' motion to compel discovery. Defendant opposed the motion. Based upon the papers submitted and the arguments of counsel, the court grants defendants' motion in part.

**BACKGROUND**

In this action, insurance carriers National Union Fire Insurance Company of Pittsburgh, PA ("National") and American International Underwriters Insurance Company ("AIU") seek a declaratory judgment that they have no duty to defend or indemnify defendant Seagate Technology ("Seagate"), a computer hardware manufacturer, in a patent and trade secret case currently pending in New York ("underlying action").

The trial court denied plaintiffs' earlier motion for summary judgment and ruled affirmatively that they had a duty to defend Seagate in the underlying action.[1]  The court found that the plaintiff in

---

[1] Summary Judgment was *granted* to the third original plaintiff, American International Specialty Lines Company ("AISLIC").

the underlying action alleged a claim of "disparagement," which could be covered by the insurance policies of these two insurers.

Plaintiffs now move to compel responses to their first set of interrogatories and request for production of documents.

## DISCUSSION

**I.   Parties Arguments**

Plaintiffs argue that defendant has failed to provide any substantive responses to the first set of interrogatories (except no. 6) and requests for production of documents ("RFP") and state that any objections based on the protective order in the underlying case can be cured by plaintiffs becoming signatories to the protective order.  They also argue that defendant provides no basis for its claims that discovery relating to expert witnesses is premature, and no privilege log detailing defendant's objections on the grounds of attorney-client or work-product privilege.
Finally, plaintiffs argue that they should be allowed to pursue further discovery on the issue of duty to defend because they are entitled to challenge the existence of the duty by proving that there is no possibility of coverage under the policies.[2]

Defendant argues that the requested discovery relates to plaintiffs' duty to indemnify defendant in the underlying action, which cannot be resolved until the underlying action is fully adjudicated and liability determined.  Defendant also claims that further discovery relating to the duty to defend is not warranted as this issue has already been decided by the trial court.  Finally, defendant asserts that the protective order in the underlying action precludes production of documents and information requested by plaintiffs.

**II.   Legal Standard**

When a declaratory relief action is filed before the insured's liability has been established in the underlying action, the court cannot determine the amount of the insurer's indemnity obligation.  *See Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 660 n. 9 (1995).  However, as is the case here, the insurer's duty to defend may be found prior to adjudication of the underlying claim if

---

[2] At the hearing on this motion, the court ordered further briefing on what, if anything, plaintiffs could gain from additional discovery, as the trial court had found the potential for coverage.  The court considered that additional briefing before issuing this order.

2

there is any potential liability under the policy in question. *Horace Mann Ins. Co v. Barbara B.*, 4 Cal. 4th 1076, 1084 (1993). Nonetheless, despite an earlier denial, an insurer may renew its summary judgment motion on the issue of duty to defend at ay time if it acquires the requisite evidence to conclusively eliminate any potential for coverage. *See Haskel v. Superior Court of Los Angeles,* 33 Cal. App. 4th 963, 977-978; *see also,* H. WALTER CROSKEY, ET AL, CAL. PRAC. GUIDE: INSURANCE LITIGATION §15:709 (2004).[3]

Barring a stay, the scope of discovery is determined according to the Federal Rules of Civil Procedure. "Unless otherwise limited by order of the court . . . Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P 26(b).

**III. Analysis**

It seems clear that the only issues currently presented for resolution in this case surround the duty to defend. Although the trial court has already determined that plaintiffs have a duty to defend in the underlying action, plaintiffs may renew their motion for summary judgment if they acquire evidence that conclusively eliminates any potential for coverage. *See Haskel*, 33 Cal. App. 4th at 977-978. They may also continue to engage in discovery on that issue, "subject to any restrictions imposed to prevent prejudice to the insured." *Id.* at 978.

While the case law suggests that plaintiffs may pursue their "second bite" at the summary judgment apple, it remains unclear how they expect to defeat the already established duty to defend. Plaintiffs must present evidence that there is no potential for coverage—yet the trial court already found that potential based on an interrogatory answer. If that was a sufficient factual issue to preclude summary judgment, then why would the determination be different now? Plaintiffs not only have to prove a negative—that no potential for coverage exists—they also have to disprove the factual basis

---

[3] The court may stay a declaratory relief action pending resolution of the underlying action when the coverage question turns on facts to be litigated there. *Montrose Chem Corp v. Sup. Court (Canadian Universal Ins. Co, Inc*.) 6. Cal 4th at 302, 302. In the alternative, when the insurer seeks discovery from the insured on matters logically related to issues affecting the insured's liability in the underlying action, the court may stay such discovery. *Haskel,* 33 Cal. App. 4th at 980. If defendant in this case is seeking a stay either of discovery or of the entire declaratory relief action, it should bring that request to the trial court.

that the trial court previously relied on. This court is dubious that they will succeed, but there seems to be no reason (or law) to prevent them from trying.

Plaintiffs are entitled to additional limited discovery. That discovery must be relevant to the specific factual questions that remain—namely, whether there is a factual basis for the disparagement claim made by the defendant in the underlying case. Having reviewed the plaintiffs' interrogatories and requests for production, the court determines that requests relating to the discovery and filings in the underlying action, and the names of people with knowledge of that action, are relevant to the issue presented here. Accordingly, the court orders the following:

1. Defendant must respond to interrogatories nos. 2, 9, and 11;

2. Defendant must respond to request for production of documents nos. 1 (as related to interrogatories nos. 2, 9, and 11), 2 (to the extent such documents are not privileged), 3, 4, 5, 6 (to the extent already disclosed in the underlying action), 7, 8, 10, 11, and 14'

3. If defendant objects to producing documents on privilege grounds, it must provide a privilege log. The privilege log should conform to the guidelines set forth in the Federal Rules of Civil Procedure. *See, e.g.,* FED. R. CIV. P. 26(b), advisory committee notes to 1993 amendments ("the party must provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.");

4. Defendant's "protective order" objections are overruled. If a discovery response entails confidential information, defendant must arrange for plaintiffs to become signatories to the protective order, and must produce any protected information responsive to the discovery requests;

5. Defendant's generalized objections are overruled. Grounds for objection to discovery requests must be stated with specificity. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981);

6. This discovery must be produced no later than November 22, 2005.

**IT IS SO ORDERED.**

Dated: 11/1/05

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Robert E. Freitas              rfreitas@orrick.com, marlantico@orrick.com

3  Cheryl A. Jorgensen            Cheryl.jorgensen@dbr.com, connie.gutierrez@dbr.com

4  Charles A. Reid, III           charles.reid@dbr.com, kristi.baughman@dbr.com,
                                  april.miller@dbr.com, chris.lorange@dbr.com

5  Archie S. Robinson             asr@robinsonwood.com, lmr@robinsonwood.com

6  Daniel Justin Weinberg         dweinberg@orrick.com, lbrim@orrick.com,
                                  cwilke@orrick.com

7  Mark R. Weinstein              mweinstein@whitecase.com

8  John L. Winchester             jlw@r-winc.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 11/1/05

                                                          /s/ RNR
                              Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California