*E-filed 3/29/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY, INC., <br><br> Defendant. | Case No. C04-01593 JW (HRL) <br><br> **ORDER REQUIRING PLAINTIFFS TO MOVE TO INTERVENE IN UNDERLYING ACTION TO SEEK MODIFICATION OF PROTECTIVE ORDER** |

In this action, insurance carriers National Union Fire Insurance Company of Pittsburgh, PA ("National") and American International Underwriters Insurance Company ("AIU") seek a declaratory judgment that they have no duty to defend or indemnify defendant Seagate Technology ("Seagate"), a computer hardware manufacturer, in a patent and trade secret case currently pending in the Southern District of New York (*Convolve, Inc. and Mass. Inst. of Tech. v. Compaq Computer Corp. and Seagate Tech.*, case no. 00 Civ. 5141 (GBD), hereinafter "the underlying action").

Earlier in the action here in California, Judge Ware ruled that the plaintiffs in the underlying action had asserted a claim for "disparagement" and that disparagement was covered by the insurance policies at issue. Accordingly, it granted summary judgment in favor of Seagate on plaintiffs' duty to defend in the underlying action.

Plaintiffs maintain, however, that probably there are no facts actually supporting this alleged disparagement claim. They assert that, if given an opportunity to review the pleadings and discovery from the underlying action, they will be able to convince Judge Ware that he was mistaken in finding a duty to defend Seagate.

Based on this belief, plaintiffs moved in this court to compel Seagate to produce, among other things, discovery and pleadings from the underlying action. This court granted plaintiffs' motion, stating that, although success at a subsequent summary judgment seemed unlikely, the court was aware of no case law that precluded plaintiffs' effort.

In accordance with this court's order, Seagate then undertook to have plaintiffs' counsel become signatories to the stipulated protective order in the underlying action so that they could obtain confidential discovery and pleadings from that case. Easier said than done. That protective order specified that information produced under it could only be used in the underlying action. Thus, by signing the protective order as it then existed, plaintiffs in this case would be able to review the discovery and pleadings but would not be able to use the information in their anticipated renewed summary judgment motion here. Accordingly, plaintiffs declined to sign.

This left Seagate in a fix. Compliance with this court's discovery order would result in violation of the protective order in the underlying action. Seagate attempted to get the parties in the underlying action to agree to certain limited disclosures. They would only do so, however, if given the right to redact any information they viewed as too sensitive for outside eyes. This solution did not satisfy National and AIU, who believed they were entitled to review uncensored documents and decide for themselves what was relevant to their case.

In an attempt to satisfy its discovery obligations in the California case, Seagate moved to modify the protective order in the underlying action to allow that discovery to be "used" in this case. The motion was opposed by both the plaintiffs and co-defendants in the underlying action. Ultimately, the court in Southern District of New York denied the motion.[1]

---

[1] That court's order did not explain the reasons for its ruling.

After that decision, the parties asked for this court's assistance in resolving this discovery dilemma. This court held a discovery conference, at which plaintiffs represented that they had received a list of all material from the underlying case, and had reviewed and copied all relevant, non-confidential documents. However, they stated that certain relevant information was kept from them pursuant to the protective order.

This court advised the parties that it was unwilling to order Seagate to produce information which would violate the protective order in the underlying action. This court also recognized the unfairness of requiring the insurers to continue to defend Seagate in the underlying action if they were not given access to information which conceivably could "disprove" the duty to defend.

Both parties represented that they would be willing to meet and confer with the parties in the underlying action to find a way to make complete disclosures possible. Since the most sensitive information produced in the underlying action—the parties' technical trade secret information—was unlikely to have relevance in the present case, the parties were hopeful that some compromise could be reached.

This week, the parties informed the court that these meet and confer efforts were unsuccessful. The parties in the underlying action refused to negotiate about the potential disclosure of any confidential information to the plaintiffs in this action.

One of the primary grounds of the opposition to Seagate's motion to modify the protective order in the underlying action was that the insurers had failed to intervene in that action to request the modification. The parties in that action apparently felt that it was more appropriate for the insurers to request the modification, rather than Seagate, since it was the insurers who wanted to use the information. At the very least, this court can eliminate that procedural objection. And, if National and AIU present their own arguments to the New York court, especially if they can convincingly show that sensitive information will be carefully protected, they may achieve a result that Seagate could not.

Accordingly, National and AIU are ordered to apply for intervention, pursuant to Fed. R. Civ. P. 24, in the case *Convolve, Inc. and Mass. Inst. of Tech. v. Compaq Computer Corp. and*

*Seagate Tech.*, case no. 00 Civ. 5141 (GBD) (S.D.N.Y.), and move for the modification of the protective order to allow use of the pleadings and discovery from that case in the present action. The parties should notify this court as soon as they have a ruling from the New York court.

**IT IS SO ORDERED.**

Dated: 3/29/06                            /s/ Howard R. Lloyd
                                         HOWARD R. LLOYD
                                         UNITED STATES MAGISTRATE JUDGE

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

| | | |
|---|---|---|
| 2 | Robert E. Freitas | rfreitas@orrick.com, marlantico@orrick.com |
| 3 | Cheryl A. Jorgensen | Cheryl.jorgensen@dbr.com, connie.gutierrez@dbr.com |
| 4 | Charles A. Reid , III | charles.reid@dbr.com, kristi.baughman@dbr.com, april.miller@dbr.com, chris.lorange@dbr.com |
| 5 | Archie S. Robinson | asr@robinsonwood.com, lmr@robinsonwood.com |
| 6/7 | Daniel Justin Weinberg | dweinberg@orrick.com, lbrim@orrick.com, cwilke@orrick.com |
| 8 | Mark R. Weinstein | mweinstein@whitecase.com |
| 9 | John L. Winchester | jlw@r-winc.com |

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 3/29/06

                                            /s/ RNR
                              Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California