CHARLES A. REID, III (State Bar No. 221306)
CHERYL A. SABNIS (State Bar No. 224323)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Appearing Pro Hac Vice*
WILLIAM T. CORBETT, JR.
MARK D. SHERIDAN
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Plaintiffs
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA and AMERICAN
INTERNATIONAL UNDERWRITERS INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>Defendant. | Case No. C-04-1593 JW<br><br>**STIPULATION AND [PROPOSED] ORDER ADJOURNING DEADLINES PENDING A DISCOVERY MOTION AND SETTING SEPTEMBER 25, 2006 STATUS CONFERENCE**<br><br>[Civil L.R. 6-1(b), 6-2] |

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\372684\2

STIPULATION AND [PROPOSED] ORDER ADJOURNING DEADLINES
AND SETTING SEPTEMBER 25, 2006 STATUS CONFERENCE
CASE NO. C-04-1593 JW

Plaintiffs NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY ("Plaintiffs") and Defendant SEAGATE TECHNOLOGY, INC., ("Defendant") file this Stipulation and [Proposed] Order adjourning the supplemental briefing deadlines on the parties' motions for summary judgment and the summary judgment hearing and pretrial conference date, and setting this matter on for a September 25, 2006 Status Conference.

On January 26, 2006, this Court issued an Order requiring Plaintiffs to submit supplemental briefing on the issue of the duty to defend not later than February 28, 2006 with Defendant's opposition due on March 14, 2006. (*See* Ex. A, January 26, 2006 Order of Judge James Ware.) These dates were contingent upon Defendant's production of documents on February 3, 2006. On February 8, 2006, Magistrate Judge Lloyd granted Seagate an extension of time to produce the required materials to allow time for the required amendments to the protective order in the lawsuit underlying this insurance coverage case (the "*Convolve* Action"). The protective order in the underlying case does not permit the usage of materials, designated under that protective order, in any other action. Magistrate Judge Lloyd set a new deadline for Seagate to comply with the discovery order. Thus, pursuant to stipulation of the parties, the supplemental briefing deadlines and summary judgment hearing date were ordered continued by the Court.

Seagate moved for a modification of the *Convolve* protective order to permit the usage of protected materials in this action, as opposed to solely in the *Convolve* Action. Seagate's motion was denied.

Following the denial, the parties conducted discovery conferences before Magistrate Judge Lloyd on March 14 and 17, 2006. The Court advised the parties that it was unwilling to order Seagate to produce information which would violate the protective order entered in the *Convolve* Action. (*See* Ex. B, March 29, 2006 Order of Magistrate

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\372684\2

2
STIPULATION AND [PROPOSED] ORDER ADJOURNING DEADLINES
AND SETTING SEPTEMBER 25, 2006 STATUS CONFERENCE
CASE NO. C-04-1593 JW

Judge Lloyd.) In addition, Plaintiffs were ordered to apply for intervention in the *Convolve* Action and seek modification of the *Convolve* protective order. Plaintiffs filed such an application and motion in the *Convolve* Action, and just received a copy of the *Convolve* Court's order denying this application. (*See* Ex. C, *Convolve* Court's June 28, 2006 Order.)

Because the *Convolve* Court has refused to modify the *Convolve* protective order to permit the usage of materials, designated under that protective order, in any other action, Plaintiffs cannot yet supplement their motion for summary judgment and a hearing on the parties' cross-motions for summary judgment and Pretrial Conference is premature.

Additionally, because the *Convolve* Court has recently denied Plaintiffs' motion to intervene and modify the protective order in that Action, Plaintiffs intend to confer with Defendant's counsel and expect that one or both will have to file a motion to be heard by Magistrate Judge Lloyd concerning the outstanding documents and information that Magistrate Judge Lloyd ordered produced on November 1, 2005.[1] The parties will file such a motion as soon as reasonably possible following their meet and confer.

As such, the parties hereby stipulate to an adjournment of the deadlines for Plaintiffs' and Defendant's supplemental briefing on the motions for summary judgment and the September 25, 2006 summary judgment hearing and pretrial conference. Once Magistrate Judge Lloyd has ruled upon any motion Plaintiffs and/or Defendant file relative to the outstanding discovery, the parties (individually or jointly) will apply to this Court to reset the deadlines for supplemental briefing and to schedule a summary judgment hearing and the pretrial conference with the Court.

---

[1] Defendant's objection to this November 1, 2005 Order was overruled by Order dated January 26, 2006. (*See* Ex. A.)

In the interim, the parties request that, instead of a Pretrial Conference, the Court hold a **Status Conference** on **September 25, 2006 at 11:00 a.m.**, so that the parties may advise the Court of the status of this matter.

Respectfully submitted,

Dated: July 10, 2006                DRINKER BIDDLE & REATH LLP

/s/ Cheryl A. Sabnis
CHERYL A. SABNIS

Attorneys for Plaintiffs
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
AMERICAN INTERNATIONAL
UNDERWRITERS INSURANCE COMPANY

Dated: July 10, 2006                ORRICK HERRINGTON & SUTCLIFFE LLP

/s/ Daniel Weinberg
DANIEL WEINBERG

Attorneys for Defendant
SEAGATE TECHNOLOGY, INC.

## CERTIFICATION

I attest that Daniel Weinberg has concurred in the filing of this document.

Dated: July 10, 2006                DRINKER BIDDLE & REATH LLP

/s/ Cheryl A. Sabnis
CHERYL A. SABNIS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  July 14       , 2006

_____
THE HONORABLE JAMES WARE
United States District Judge

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\372684\2

4
STIPULATION AND [PROPOSED] ORDER ADJOURNING DEADLINES
AND SETTING SEPTEMBER 25, 2006 STATUS CONFERENCE
CASE NO. C-04-1593 JW

**Exhibit A**

# CERTIFICATE OF SERVICE

I, CONNIE B. GUTIERREZ, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On July 10, 2006, I caused to be served the following document(s):

**Stipulation and [Proposed] Order Adjourning Deadlines Pending a Discovery Motion and Setting September 25, 2006 Status Conference**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by Federal Express to the address(es) listed below:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Mark R. Weinstein, Esq.
Robert E. Freitas, Esq.
ORRICK HERRINGTON & SUTCLIFFE
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7489
Facsimile: (650) 614-7401
**Counsel for Seagate Technology**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 10, 2006 at San Francisco, California.

*/s/ Connie B. Gutierrez*
CONNIE B. GUTIERREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| National Union Fire Insurance Co. of Pittsburgh, PA et al., | NO. C 04-01593 JW |
| Plaintiff(s), | **ORDER GRANTING MOTION TO CONTINUE HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT; DENYING MOTION TO STAY ORDER OF APRIL 4, 2005; DENYING OBJECTION TO MAGISTRATE JUDGE'S NOVEMBER 1, 2005 ORDER** |
| v. | |
| Seagate Technology, Inc. et al., | |
| Defendant(s). | |

This lawsuit arises out of contract disputes between, on the one hand, Plaintiffs National Union Fire Insurance Company of Pittsburg, PA ("National"), American International Underwriters Insurance Company ("AIU"),(collectively "Plaintiffs") and, on the other hand, Defendant Seagate Technology, Inc. ("Seagate" or "Defendant"). Plaintiffs are insurance companies and Defendant is their insured. Plaintiffs pray for, inter alia, a declaratory judgment finding that they have no obligation to defend or indemnify Defendant in connection with a separate lawsuit pending in New York, Convolve, Inc., et al. v. Seagate Technology, LLC, et al., C00-5141(S.D.N.Y.) (the "Underlying Action").

By order dated April 4, 2005, the Court determined that Plaintiffs have an obligation to defend Seagate in the Underlying Action ("April 4, 2005 Order"). Thereafter, the parties filed cross-motions for summary judgment to determine when Plaintiffs' duty to defend was triggered. Plaintiffs contend that the duty arose no earlier than the September 18, 2003, when Seagate tendered Convolve's response to Supplemental Interrogatory No. 23. In contrast, Seagate contends that the duty to defend arose at the outset of the Underlying Action. These cross-motions for summary

1  judgment are currently scheduled for hearing on January 30, 2006.

2  On January 20, 2006, Plaintiffs filed a motion to continue the January 30, 2006 hearing date, and a motion to stay the April 4, 2005 Order. Plaintiffs contend that the continuance and stay are necessary to permit them additional time to review materials sought from Seagate pursuant to a motion to compel. Plaintiffs believe that the materials they seek bear not only on the issue of whether a duty to defend still exists, but also on when, if ever, such a duty arose. On January 24, 2006, Plaintiffs filed an Errata with respect to their motion to continue and stay. On January 25, 2006, Seagate filed an opposition, which stated that it intends to file "complete opposition papers before the January 30, 2006 hearing."

3  Based upon all papers filed to date, the Court grants Plaintiffs' motion to continue the January 30, 2006 hearing. The continuance is intended to give Plaintiffs time to review the materials they seek from Seagate and to supplement their motion for summary judgment, if appropriate. The continuance is also intended to promote judicial economy. Accordingly, the hearing date for the cross-motions for summary judgment is continued from January 30, 2006 to March 27, 2006 at 9:00 a.m. Plaintiffs' supplemental briefing, if any, must be filed and served no later than February 28, 2006; Seagate's supplemental briefing, if any, must be filed and served no later than March 14, 2006.

4  The motion to stay the April 4, 2005 Order is denied.

5  Lastly, the Court has reviewed Defendant's Objection to Magistrate Judge Lloyd's Order on National Union's and AIU's Motion to Compel, and Plaintiffs' Opposition to Defendant's Objection. Defendant's Objection is denied. Magistrate Judge Lloyd's Order is neither clearly erroneous nor contrary to law. Defendant Seagate shall comply with Magistrate Judge Lloyd's Order no later than February 3, 2006.

Dated: January 26, 2006                    /s/James Ware
04cv1593motion                             JAMES WARE
                                           United States District Judge

2

1 THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2  Archie S. Robinson asr@robinsonwood.com
   Charles A. Reid charles.reid@dbr.com
3  Cheryl A. Jorgensen Cheryl.jorgensen@dbr.com
   Daniel Justin Weinberg dweinberg@orrick.com
4  John L. Winchester jlw@r-winc.com
   Mark R. Weinstein mweinstein@whitecase.com
5  Robert E. Freitas rfreitas@orrick.com

6
   **Dated: January 26, 2006**                        **Richard W. Wieking, Clerk**
7

8                                                     By:  /s/JW chambers
                                                          **Melissa Peralta**
9                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California

**Exhibit B**

*E-filed 3/29/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY, INC., <br><br> Defendant. | Case No. C04-01593 JW (HRL) <br><br> **ORDER REQUIRING PLAINTIFFS TO MOVE TO INTERVENE IN UNDERLYING ACTION TO SEEK MODIFICATION OF PROTECTIVE ORDER** |

In this action, insurance carriers National Union Fire Insurance Company of Pittsburgh, PA ("National") and American International Underwriters Insurance Company ("AIU") seek a declaratory judgment that they have no duty to defend or indemnify defendant Seagate Technology ("Seagate"), a computer hardware manufacturer, in a patent and trade secret case currently pending in the Southern District of New York (*Convolve, Inc. and Mass. Inst. of Tech. v. Compaq Computer Corp. and Seagate Tech.*, case no. 00 Civ. 5141 (GBD), hereinafter "the underlying action").

Earlier in the action here in California, Judge Ware ruled that the plaintiffs in the underlying action had asserted a claim for "disparagement" and that disparagement was covered by the insurance policies at issue. Accordingly, it granted summary judgment in favor of Seagate on plaintiffs' duty to defend in the underlying action.

Plaintiffs maintain, however, that probably there are no facts actually supporting this alleged disparagement claim. They assert that, if given an opportunity to review the pleadings and discovery from the underlying action, they will be able to convince Judge Ware that he was mistaken in finding a duty to defend Seagate.

Based on this belief, plaintiffs moved in this court to compel Seagate to produce, among other things, discovery and pleadings from the underlying action. This court granted plaintiffs' motion, stating that, although success at a subsequent summary judgment seemed unlikely, the court was aware of no case law that precluded plaintiffs' effort.

In accordance with this court's order, Seagate then undertook to have plaintiffs' counsel become signatories to the stipulated protective order in the underlying action so that they could obtain confidential discovery and pleadings from that case. Easier said than done. That protective order specified that information produced under it could only be used in the underlying action. Thus, by signing the protective order as it then existed, plaintiffs in this case would be able to review the discovery and pleadings but would not be able to use the information in their anticipated renewed summary judgment motion here. Accordingly, plaintiffs declined to sign.

This left Seagate in a fix. Compliance with this court's discovery order would result in violation of the protective order in the underlying action. Seagate attempted to get the parties in the underlying action to agree to certain limited disclosures. They would only do so, however, if given the right to redact any information they viewed as too sensitive for outside eyes. This solution did not satisfy National and AIU, who believed they were entitled to review uncensored documents and decide for themselves what was relevant to their case.

In an attempt to satisfy its discovery obligations in the California case, Seagate moved to modify the protective order in the underlying action to allow that discovery to be "used" in this case. The motion was opposed by both the plaintiffs and co-defendants in the underlying action. Ultimately, the court in Southern District of New York denied the motion.[1]

---

[1] That court's order did not explain the reasons for its ruling.

2

After that decision, the parties asked for this court's assistance in resolving this discovery dilemma. This court held a discovery conference, at which plaintiffs represented that they had received a list of all material from the underlying case, and had reviewed and copied all relevant, non-confidential documents. However, they stated that certain relevant information was kept from them pursuant to the protective order.

This court advised the parties that it was unwilling to order Seagate to produce information which would violate the protective order in the underlying action. This court also recognized the unfairness of requiring the insurers to continue to defend Seagate in the underlying action if they were not given access to information which conceivably could "disprove" the duty to defend.

Both parties represented that they would be willing to meet and confer with the parties in the underlying action to find a way to make complete disclosures possible. Since the most sensitive information produced in the underlying action—the parties' technical trade secret information—was unlikely to have relevance in the present case, the parties were hopeful that some compromise could be reached.

This week, the parties informed the court that these meet and confer efforts were unsuccessful. The parties in the underlying action refused to negotiate about the potential disclosure of any confidential information to the plaintiffs in this action.

One of the primary grounds of the opposition to Seagate's motion to modify the protective order in the underlying action was that the insurers had failed to intervene in that action to request the modification. The parties in that action apparently felt that it was more appropriate for the insurers to request the modification, rather than Seagate, since it was the insurers who wanted to use the information. At the very least, this court can eliminate that procedural objection. And, if National and AIU present their own arguments to the New York court, especially if they can convincingly show that sensitive information will be carefully protected, they may achieve a result that Seagate could not.

Accordingly, National and AIU are ordered to apply for intervention, pursuant to Fed. R. Civ. P. 24, in the case *Convolve, Inc. and Mass. Inst. of Tech. v. Compaq Computer Corp. and*

1  *Seagate Tech.*, case no. 00 Civ. 5141 (GBD) (S.D.N.Y.), and move for the modification of the
2  protective order to allow use of the pleadings and discovery from that case in the present action.
3  The parties should notify this court as soon as they have a ruling from the New York court.

**IT IS SO ORDERED.**

Dated: 3/29/06

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Robert E. Freitas              rfreitas@orrick.com, marlantico@orrick.com

3  Cheryl A. Jorgensen            Cheryl.jorgensen@dbr.com, connie.gutierrez@dbr.com

4  Charles A. Reid, III           charles.reid@dbr.com, kristi.baughman@dbr.com,
                                  april.miller@dbr.com, chris.lorange@dbr.com

5  Archie S. Robinson             asr@robinsonwood.com, lmr@robinsonwood.com

6  Daniel Justin Weinberg         dweinberg@orrick.com, lbrim@orrick.com,
7                                 cwilke@orrick.com

8  Mark R. Weinstein              mweinstein@whitecase.com

9  John L. Winchester             jlw@r-winc.com

10  * Counsel are responsible for providing copies of this order to co-counsel.

Dated: 3/29/06

　　　　　　　　　　　　　　　　　　　　　　　　/s/ RNR
　　　　　　　　　　　　　　　　　　　　Chambers of Magistrate Judge Lloyd

**Exhibit C**

JUN-30-2006 13:47    SUPREME CT MOTION SUPPORT                          P.01/01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CONVOLVE, INC. and MASSACHUSETTS
INSTITUTE OF TECHNOLOGY,                    **ORDER**

            Plaintiffs,             00 CV 5141 (GBD)

    -against-

COMPAQ COMPUTER CORP. and SEAGATE
TECHNOLOGY LLC,

            Defendants.
------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

    National Union Fire Insurance Company of Pittsburgh, PA and American International Underwriters Insurance Company's Motion to Intervene, and to modify the September 21, 2000 Stipulation and Protective Order to permit use of pleadings and discovery from the instant action in the California coverage action styled <u>National Union Fire Insurance Company of Pittsburgh, PA et al. V. Seagate Technology Inc.</u>, is denied:

Dated: New York, New York
       June 27, 2006                    SO ORDERED:

                                                       _George B. Daniel_
                                                       GEORGE B. DANIELS
                                                     United States District Judge

TOTAL P.01