*E-filed 10/25/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,<br><br>Plaintiffs,<br>v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>Defendant.<br>_____/ | Case No. C04-01593 JW (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE** |

In this action, insurance carriers National Union Fire Insurance Company of Pittsburgh, PA ("National") and American International Underwriters Insurance Company ("AIU") (jointly, "the insurers") seek a declaratory judgment that they have no duty to defend or indemnify defendant Seagate Technology ("Seagate"), a computer hardware manufacturer, in a patent and trade secret case currently pending in New York ("underlying action" or "Convolve suit"). Presently before this court is the insurers' motion for an order to show cause why Seagate should not be compelled to immediately comply with the court's November 1, 2005 discovery order or have its answer and affirmative defenses stricken and judgment entered in favor of the insurers.

**BACKGROUND**

In April 2005, Judge Ware denied the insurers' summary judgment motion because there was a "bare possibility" that disparagement, which is covered by the insurance policies, would

1 be a viable issue in the underlying action.  Later, the insurers sought discovery which they
2 hoped would provide ammunition for a new motion for summary judgment, which would either
3 "disprove" a disparagement claim, or perhaps focus on the timing of the duty to defend (i.e.
4 when it arose and when it terminated).

5 In August 2005, the insurers moved to compel Seagate to produce, among other things,
6 discovery and pleadings from the underlying action.  Seagate objected on several grounds,
7 including the confidentiality requirements imposed by the protective order (PO) in the
8 underlying action.  This court granted the motion in part, ordering Seagate to produce, *inter*
9 *alia*, all pleadings, filings, discovery requests and responses, deposition transcripts, and expert
10 reports from the underlying action.  Additionally, the court stated:

> Defendant's "protective order" objections are overruled.
> If a discovery response entails confidential information,
> defendant must arrange for plaintiffs to become signatories
> to the protective order, and must produce any protected
> information responsive to the discovery requests.[1]

14 On January 26, 2006, Judge Ware affirmed this court's order in the face of an objection by
15 Seagate.

16 When Seagate presented the Convolve PO to plaintiffs for their signatures, they refused
17 to sign.  The PO required that information produced pursuant to it could not be "used" outside
18 the Convolve litigation.  This meant that, although the insurers could obtain and view the
19 documents, they would not be able to "use" the information in their planned second motion for
20 summary judgment.

21 Thereupon, Seagate moved the Convolve court to modify the PO for purposes of
22 allowing production in this case, but that court denied the request without explanation.  (The
23 request had been opposed by the other parties in the underlying action.)

24 Seagate then found itself in a difficult situation: compliance with this court's discovery
25 order would violate the PO in the underlying action.  This court held discovery conferences
26 with the parties to determine the next course of action.  In March 2006, this court ordered the

27
28   [1]   At this point the court had no knowledge of the specific requirements of the Convolve PO.

2

insurers to move to intervene in the underlying action with the hope that -- if it could become a party to that litigation -- it could then seek a modificiation of the PO to permit use of the confidential documents in this case.

Unfortunately, the Convolve court denied their motion to intervene without explanation.

The insurers now move for an order to show cause why Seagate should not be compelled to comply with the court's November 1, 2005 discovery order, or have its answer and affirmative defenses stricken and judgment granted in favor of the insurers.

## PARTIES' ARGUMENTS

### A. Insurers

The insurers argue that entry of judgment due to Seagate's failure to produce documents is warranted. They argue that Seagate has wilfully refused to comply with the court's November 1, 2005 order, that the documents withheld are crucial to showing that no claim for disparagement exists, that the insurers are prejudiced, and that the remedy of dismissal is commensurate with the harm caused by the refusal to produce.

In addition, they argue that Seagate has not done enough to seek relief from this court regarding its obligations under the November 1, 2005 order. The insurers also protest that the options proposed by Seagate are "fruitless."

### B. Seagate

Seagate asserts that it *has* complied with the November 1, 2005 order, in that it produced the materials not subject to the PO in the underlying action. Seagate also reminds the court of a statement in its March 2006 order where the court declared itself unwilling to order Seagate to violate the PO in the underlying action. Seagate further argues that the insurers do not deserve the relief they seek because of two failures to take reasonable steps to obtain the requested materials: the failure to sign on to the Convolve PO, and the failure to appeal the order denying their intervention motion. Regarding the first failure, Seagate admits that the insurers would be prevented from using any information in this coverage suit without prior approval, but argues that they would have several avenues for obtaining approval once they had identified documents

with particularity (e.g., a stipulation from the Convolve parties, a request for a tailored order from the Convolve court).

Finally, Seagate argues that the insurers seek a "doomsday solution" by asking the court to enter judgment against Seagate. It asserts that this severe remedy is unjustified, because the materials sought are not central to the outcome of the case, in that they are unlikely to provide the conclusive evidence of non-coverage that the insurers will need to win their summary judgment motion. Thus, to sanction Seagate by entering judgment against it would unjustly place the insurers in a position better than the position they would occupy with full access to the information they seek.

## DISCUSSION

The insurers' argument that Seagate has wilfully refused to comply with the November 1, 2005 order is, unequivocally, rejected. This court's November 1, 2005 order required Seagate to produce the documents covered by the Convolve PO *after* the plaintiffs became signatories to the PO. Through no fault of Seagate's, the plaintiffs have not become signatories.

It would be contrary to the principle of comity for this court to, in effect, order Seagate to violate the PO issued by a sister federal court. The Convolve court's refusal to allow the insurers access to the confidential documents protected by its PO unless they sign on to the PO as it is now written is not a decision that this court would try to trump.

The court DENIES the insurers' motion for an order to show cause.

**IT IS SO ORDERED.**

Dated: 10/25/06                                        /s/  Howard R. Lloyd
                                                       HOWARD R. LLOYD
                                                       UNITED STATES MAGISTRATE JUDGE

4

**United States District Court**
For the Northern District of California

1. THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2. Robert E. Freitas rfreitas@orrick.com, marlantico@orrick.com

3.
4. Charles A. Reid, III charles.reid@dbr.com, kristi.baughman@dbr.com; april.miller@dbr.com; chris.lorange@dbr.com; ioana.mondescu@dbr.com

5. Archie S. Robinson asr@robinsonwood.com, lmr@robinsonwood.com

6.
7. Cheryl A. Sabnis Cheryl.sabnis@dbr.com, connie.gutierrez@dbr.com

8. Daniel Justin Weinberg dweinberg@orrick.com, mgirroir@orrick.com; cwilke@orrick.com

9.
10. John L. Winchester, III jlw@robinsonwood.com

11.
12. * Counsel are responsible for providing copies of this order to co-counsel who have not registered their e-mail addresses.

13.
14. Dated:  10/25/06

15.                       /s/  JMM
                Chambers of Magistrate Judge Lloyd

16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.