IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| National Union Fire Insurance Co., et al., | NO. C 04-01593 JW |
|---|---|
| Plaintiffs,<br>v.<br>Seagate Technology, Inc.,<br>Defendant. | **ORDER OVERRULING SEAGATE'S EVIDENTIARY OBJECTION TO NATIONAL UNION'S AND AIU'S MOTION FOR SUMMARY JUDGMENT TERMINATING THEIR COURT-ORDERED DUTY TO DEFEND AND THE DECLARATION OF CHERYL SABNIS** |

The Court is in receipt of Defendant Seagate Technology LLC's ("Seagate") August 1, 2007 letter seeking an explicit ruling on its evidentiary objection. (See Docket Item No. 218.) Seagate filed an evidentiary objection to Plaintiffs' Motion for Summary Judgment Terminating Their Court-Ordered Duty to Defend and the Declaration of Cheryl Sabnis. (See Docket Item No. 207.) Seagate contended the statements made by Underlying Plaintiff Convolve, Inc. ("Convolve") that were cited by Plaintiffs in their motion and accompanying declaration were inadmissible hearsay and contained improper legal conclusions. Id.

Though Seagate's objections were duly noted, they were implicitly overruled by the Court in its July 18, 2007 Order Granting Plaintiffs' Motion for Summary Judgment Terminating the Court-Ordered Duty to Defend. (hereafter, "Order," Docket Item No. 217.) The Order considered the portions of Plaintiffs' evidence to which Seagate had objected, but did not rule on Seagate's objection. Ninth Circuit law requires Seagate to seek a ruling on its objection in order to preserve it for appeal. Fenton v. Freedman, 748 F.2d 1358, 1360 (9th Cir. 1984).

1  Convolve's statements to which Seagate objected were admissible as judicial admissions.
2  See American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988); see also
3  MacDonald v. General Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).  This is the only purpose
4  for which the Court considered Convolve's statements – that is, the Court did not consider
5  Convolve's statements for the truth of the matter asserted, or for any legal conclusions they
6  contained.  Accordingly, Seagate's objection is overruled.

Dated:  August 15, 2007

/s/ James Ware
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Archie Stirling Robinson as@robinsonwood.com
Charles A. Reid charles.reid@dbr.com
Cheryl A. Sabnis Cheryl.sabnis@dbr.com
Daniel Justin Weinberg dweinberg@orrick.com
Robert E. Freitas rfreitas@orrick.com

**Dated: August 15, 2007**    **Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
    **Elizabeth Garcia**
    **Courtroom Deputy**