

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY AND AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>    Defendant. | CASE NO: C 04-01593 JW<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING CERTIFICATION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>**The Honorable James Ware** |
| SEAGATE TECHNOLOGY LLC.,<br><br>    Counterclaimant,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY AND AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>    Counterclaim Defendants. | |

1  **STIPULATION**

2  **WHEREAS**, plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa.
3  ("National Union"), American International Underwriters Insurance Company ("AIU"), and
4  American International Specialty Lines Insurance Company, currently known as Chartis Specialty
5  Insurance Company ("AISLIC") (collectively, "Plaintiffs"), filed Declaratory Judgment claims
6  against defendant Seagate Technology LLC ("Seagate") seeking a declaration that they owed no
7  duty to defend or indemnify Seagate in *Convolve, Inc., et al. v. Seagate Technology LLC, et al*,
8  Case No. 00 Civ. 5141 (S.D.N.Y.) (the "Convolve Action") (Docket Item No. 1); and

9  **WHEREAS**, Seagate filed Counterclaims for Relief against Plaintiffs for Breach of
10  Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Declaratory Judgment that
11  Plaintiffs are obligated to defend Seagate in the Convolve Action (Docket Item No. 12); and

12  **WHEREAS**, the Court has resolved on summary judgment and there remain no
13  outstanding issues as to Plaintiffs' Declaratory Judgment claims as to their duty to defend Seagate
14  in the Convolve Action, Seagate's First Counterclaim for Relief for Breach of Contract as to
15  AISLIC, Seagate's Second Counterclaim for Relief for Breach of the Covenant of Good Faith and
16  Fair Dealing as to all Plaintiffs, and Third Counterclaim for Relief for Declaratory Relief as to all
17  Plaintiffs; and

18  **WHEREAS**, the Court has dismissed as unripe Plaintiffs' Declaratory Judgment claims
19  as to their duty to indemnify Seagate in the Convolve Action; and

20  **WHEREAS**, Seagate and National Union and AIU have agreed to stay Seagate's First
21  Counterclaim for Relief for Breach of Contract as to those plaintiffs pending arbitration as to the
22  amounts owed by National Union and AIU pursuant to their adjudicated duty to defend Seagate in
23  the Convolve Action; and

24  **WHEREAS**, the Parties agree that there is no just reason for delay of entry of judgment
25  as to those claims that have been finally adjudicated because (1) there is no risk that multiple
26  appeals will present the same issues given the nature of the claims on which the parties seek Rule
27  54(b) final judgment and the nature of Seagate's First Counterclaim for Relief for Breach of
28  Contract against National Union and AIU; (2) the claims on which the parties seek Rule 54(b)

final judgment do not present questions that remain to be adjudicated in connection with Seagate's First Counterclaim for Relief for Breach of Contract against National Union and AIU; (3) the need for review on the claims for which the parties seek Rule 54(b) final judgment will not be mooted by future proceedings in connection with Seagate's First Counterclaim for Relief for Breach of Contract against National Union and AIU; and (4) Seagate, National Union and AIU have agreed to stay Seagate's First Counterclaim for Relief for Breach of Contract as to those plaintiffs pending arbitration.

**NOW**, **THEREFORE**, pursuant to Civil L.R. 7-12, it is hereby **STIPULATED AND AGREED** by and among the parties as follows:

1. Seagate's First Counterclaim for Relief for Breach of Contract against National Union and AIU may be stayed pending arbitration as described above and, in the event the Court grants this Stipulation, Seagate' First Counterclaim shall be stayed.

2. Pursuant to Fed. R. Civ. P. 54(b), Judgment may be entered on Plaintiffs' Claims for Declaratory Judgment, Seagate's First Counterclaim for Relief as to AISLIC, and Seagate's Second and Third Counterclaims for Relief as to all Plaintiffs, in accord with the Court's prior Orders and/or rulings arising out of or related in any way to such Claims and/or Counterclaims, including, without limitation, the following rulings:

   a. Plaintiffs owed a duty to defend Seagate in the Convolve Action from November 1, 2000 to July 18, 2007.

   b. AISLIC breached its duty to defend Seagate in the Convolve Action and is ordered to pay Seagate damages in the amount of $3,128,026.46 in connection with Seagate's First Counterclaim for Relief against AISLIC. The amount of the judgment herein represents the prejudgment interest due from AISLIC to Seagate.

   c. Seagate's Second Counterclaim for Relief for Breach of Implied Covenant of Good Faith and Fair Dealing is dismissed as to all Plaintiffs.

   d. Plaintiffs' claim for Declaratory Judgment as to their duty to indemnify Seagate in the Convolve Action is dismissed as unripe.

3. This stipulation shall not alter, eliminate or otherwise affect any party's right to appeal any part of the Judgment entered pursuant hereto and/or any of the Court's prior Orders and/or rulings arising out of or related in any way to the Claims and/or Counterclaims as to which Judgment is entered. All appellate rights are specifically preserved.

Dated: September 2, 2010

James Ware

JAMES WARE
United States District Judge