IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>Defendant.<br>　　　　　　　　　　　　　　　　　　/ | No. C 04-01593 WHA<br><br>**ORDER REGARDING RULE 60(a) AND RULE 60(b) MOTIONS** |

With respect to the Rule 60(b) motion by Seagate, the Court is embarrassed to learn that it entered judgment without realizing there were other issues lurking in the case. The Court had thought the summary judgment motions were case dispositive. It would have been helpful to the Court for the summary judgment briefs to have explained this circumstance.

Even though a notice of appeal has been filed, the Court still has jurisdiction to provide timely relief under Rules 60(a) and (b). The judgment is hereby **VACATED** and in its place the Court will certify the summary judgment issues for interlocutory review under Section 1292(b). An amended summary judgment order will be entered making the required statutory findings. Counsel should be mindful of the deadline for an interlocutory appeal.

The April 4 hearing on Seagate's motions is **VACATED**. A case management conference will nonetheless be held on **APRIL 4 AT 11:00 A.M.** to discuss how to deal with the overlooked issues. In this regard, please note that *both* sides represented to the Court in Docket No. 269 that:

> National Union, AIU and Seagate agree that issues involving the amount owed by the insurers pursuant to their duties to defend may be resolved in arbitration and Seagate's Breach of Contract counterclaim against National Union and AIU should be stayed pending arbitration. The parties agree that California Civil Code § 2860 does not apply during the time period when National Union and AIU were not providing Seagate a defense in the *Convolve* Action.

With respect to Seagate's motion under Rule 60(a) to correct a clerical mistake, it is now **MOOT** given that the judgment will be vacated. This order notes, parenthetically, that if the judgment were not vacated the Rule 60(a) motion would have merit.

If, contrary to the foregoing, the court of appeals believes that the district court has already lost jurisdiction to provide the foregoing relief, then this order hereby advises, in the alternative, that the Court would be amenable to providing such relief if the court of appeals were to remand the case.

**IT IS SO ORDERED.**

Dated: March 27, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE