IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY, INC.,<br><br>Defendant.<br>                                        / | No. C 04-01593 WHA<br><br>**ORDER TO SHOW CAUSE REGARDING NOTICE OF APPEAL** |

A January 25 order on the parties' cross-motions for summary judgment granted final summary judgment in favor of National Union and against Seagate (Dkt. No. 379). On February 25, Seagate appealed that order (Dkt. No. 381). The following day, Seagate moved under Rule 60(a) and (b) to vacate the January 25 judgment on the ground that final judgment was improvidently entered because there were still unresolved issues lurking in the case (Dkt. No. 386).

A March 27 order (1) granted Seagate's Rule 60(b) motion to vacate the January 25 order and denied the Rule 60(a) motion as moot, and (2) advised in the alternative that if jurisdiction to rule on the Rule 60 motions were lacking, the Court would provide such relief following a limited remand from the court of appeals (Dkt. No. 394). The same day, an amended order issued on the parties' earlier cross-motions for summary judgment that granted partial summary judgment in favor of National Union and certified the issues therein for interlocutory review under Section 1292(b) (Dkt. No. 396).

Following a case management conference wherein the parties identified several lurking disputes and contingent potential disputes, an April 5 order directed the parties to file all motions for further relief of any sort by April 25; any issues not teed up for resolution would be deemed waived (Dkt. No. 398). On April 25, Seagate timely filed a motion for partial summary judgment and National Union timely filed a motion styled as a "motion to reinstate" the January 25 final judgment (Dkt. Nos. 401–02).

On April 26, National Union appealed the March 27 order on Seagate's Rule 60 motions — the order that paved the way for this action to move forward on issues not presently before the court of appeals. The parties are **ORDERED TO SHOW CAUSE** why this action should not be stayed in submissions not to exceed five pages by **MAY 6 AT NOON**. It is a mystery to the Court why Seagate and/or National Union has not yet sought a remand as described in the March 27 order (and why Seagate has not has not filed for interlocutory review of the March 27 amended order). Because of the parties' maneuvering, the record in this action has become so convoluted that the risk of a waste of judicial resources would be too great. The Court is inclined to stay the action and await further direction from the court of appeals.

The parties are also **ORDERED** to provide copies of this order to the court of appeals by **MAY 6 AT NOON**.

**IT IS SO ORDERED.**

Dated:  May 1, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2