UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY, AND AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY, INC.<br><br>    Defendant. | Case No.  C 04-01593 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER COMPELLING ARBITRATION OF REMAINING DISPUTES AND ENTERING JUDGMENT**<br><br>The Honorable William H. Alsup |
| SEAGATE TECHNOLOGY LLC,<br><br>    Counterclaimant,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY, AND AMERICAN INTERNATIONAL SPECILTY LINES INSURANCE COMPANY,<br><br>    Counterclaim Defendants. | |

1

**STIPULATION**

2   **WHEREAS,** on April 23, 2004, plaintiffs National Union Fire Insurance Company of
3   Pittsburgh, PA ("National Union"), American International Underwriters Insurance Company
4   ("AIU"), and American International Specialty Lines Insurance Company ("AISLIC")
5   (collectively "Plaintiffs"), filed Declaratory Judgment claims against defendant Seagate
6   Technology LLC ("Seagate") seeking declarations that they owed no duty to defend or indemnify
7   Seagate in *Convolve, Inc., et al. v. Seagate Technology LLC, et al.*, Case No. 00 Civ. 5141
8   (S.D.N.Y.) (the "Convolve case") (Dkt. No. 1); and

9   **WHEREAS,** Seagate filed Counterclaims for Relief against Plaintiffs for Breach of
10  Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Declaratory Judgment that
11  Plaintiffs are obligated to defend Seagate in the Convolve case (Dkt. No. 12); and

12  **WHEREAS,** on September 2, 2010, the United States District Court for the Northern
13  District of California entered Judgment pursuant to Fed. R. Civ. P. 54(b) as to Plaintiffs'
14  Declaratory Judgment claims; Seagate's First Counterclaim for Relief for Breach of Contract as
15  to AISLIC; Seagate's Second Counterclaim for Relief for Breach of the Covenant of Good Faith
16  and Fair Dealing and Third Counterclaim for Relief for Declaratory Judgment as to all Plaintiffs
17  (Dkt. No. 325); and

18  **WHEREAS,** the Court stayed Seagate's First Counterclaim for Relief for Breach of
19  Contract as to National Union and AIU pending arbitration (Dkt. No. 324); and

20  **WHEREAS,** on January 20, 2012, the United States Court of Appeals for the Ninth
21  Circuit issued a Memorandum reversing-in-part and affirming-in-part the Rule 54(b) Judgment
22  (Dkt. No. 347); and

23  **WHEREAS,** following remand, the District Court decided on summary judgment that (i)
24  National Union is liable on Seagate's First Counterclaim for Relief for Breach of Contract for
25  having failed to defend Seagate in the Convolve case between November 1, 2000 and September
26  22, 2005; (ii) that National Union is liable for prejudgment interest on Seagate's defense costs
27  incurred between November 1, 2000 and September 18, 2003; (iii) that National Union is liable
28  for Seagate's full defense costs, minus a deduction for AIU's contribution, and prejudgment

interest on such defense costs incurred between September 18, 2003 September 22, 2005; (iv) that there is a genuine issue of material fact regarding whether National Union was participating in Seagate's defense between September 22, 2005 and August 21, 2007; (v) that National Union is not liable for breach of contract after July 18, 2007; (vi) that National Union and Seagate are required to arbitrate any and all disputes about the amount of defense costs National Union is obligated to pay pursuant to its adjudicated duty to defend after July 18, 2007 pursuant to California Civil Code § 2860(c); and

**WHEREAS,** National Union and Seagate agree to arbitrate questions regarding the amounts owed by National Union pursuant to their adjudicated duty to defend Seagate in the Convolve case and whether National Union was participating in Seagate's defense between September 22, 2005 and August 21, 2007;

**WHEREAS**, National Union and Seagate agree to arbitrate the reasonableness of the defense fees and costs incurred by Seagate in the Convolve case from November 1, 2000 through the present;

**NOW THEREFORE**, pursuant to Civil L.R. 7-12, it is hereby **STIPULATED AND AGREED** by and among the parties as follows:

1. The Court shall vacate the Final Pretrial Conference scheduled for August 5, 2013 at 2:00 p.m., and the Trial scheduled for August 19, 2013 at 7:30 a.m.

2. The parties will resolve in binding arbitration the question whether National Union was participating in Seagate's defense between September 22, 2005 and August 21, 2007.

3. The arbitration will resolve the following remaining disputed issues:

   a. Whether National Union participated in Seagate's defense between September 22, 2005 and August 21, 2007; and if National Union did not participate in Seagate's defense during that time, the amount of defense costs, minus a deduction for AIU's contribution, and prejudgment interest on such defense costs Seagate incurred between September 22, 2005 and August 21, 2007;

      b.     Pursuant to California Civil Code Section 2860(c), what the appropriate billing rates are for Seagate's defense counsel in the Convolve case after September 22, 2005 or August 21, 2007 (depending on the outcome of the first issue identified above) ;

      c.     Whether Seagate's defense fees and costs incurred in the Convolve case are reasonable;

          i.     Seagate's defense costs incurred before September 22, 2005 or August 21, 2007 (depending on the outcome of the first issue identified above) are presumed reasonable and National Union shall bear the burden of proof that Seagate's defense costs were unreasonable; and

          ii.    After September 22, 2005 or August 21, 2007 (depending on the outcome of the first issue identified above), Seagate shall bear the burden of proof that Seagate's defense costs were reasonable.

          iii.   The question of reasonableness is separate from the rate issues governed by California Civil Code § 2860.

      d.    The amount of prejudgment interest owed on defense costs Seagate incurred between November 1, 2000 and September 18, 2003;

      e.    The amount of defense costs, minus a deduction for AIU's contribution, and prejudgment interest on such defense costs Seagate incurred between September 18, 2003 and September 22, 2005;

      f.     Whether National Union has reimbursed Seagate for all amounts owed pursuant to its duty to defend; and

      g.    Whether, and if so, how much, prejudgment interest is owed on amounts not already paid to Seagate by National Union.

4.    The Parties agree to utilize JAMS as the arbitration forum and the JAMS Comprehensive Arbitration Rules & Procedures shall govern the arbitration.

5.    The Parties agree to utilize three (3) neutral arbitrators for purposes of conducting

the arbitration.

6. Judgment may be entered on Seagate's First Counterclaim for Relief for Breach of Contract in accord with the Court's prior orders and rulings (Dkt. Nos. 396 & 430) arising out of or related in any way to such Counterclaim.

7. This stipulation for an order compelling arbitration of remaining disputes and entering judgment does not alter, eliminate, or otherwise affect any party's right to appeal any part of the Judgment entered pursuant hereto and/or any of the Court's orders and rulings arising out of or related in any way to Seagate's Breach of Contract Counterclaim. All appellate rights are specifically preserved.

**IT IS SO STIPULATED.**

Dated: July 29, 2013

Respectfully submitted,

FREITAS TSENG & KAUFMAN LLP

*/s/ Daniel J. Weinberg /s/*
Daniel J. Weinberg
Attorneys for Defendant and Counterclaimant
SEAGATE TECHNOLOGY LLC

Dated: July 29, 2013

PATTON BOGGS LLP

*/s/ Mark D. Sheridan /s/*
Mark D. Sheridan
Attorneys for Plaintiffs and Counterclaim Defendants NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL UNDERWRITERS INSURANCE COMPANY

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 5, 2013.

William Alsup
United States District Judge

STIPULATION AND [PROPOSED] ORDER COMPELLING
ARBITRATION AND ENTERING JUDGMENT
CASE NO. C 04-01593 WHA